```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

JOSE CAMACHO-RAMOS

    **Plaintiff**

        **v.**                   **CIVIL NO.** 06-1506(JAG)
                                                        06-1955 (JAG)

MARCIAL ORTIZ-GARCIA,
ADMINISTRACION DE CORRECION, et
als.,

    **Defendant(s)**

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion to Dismiss filed by Defendants Warden, Mr. Edgardo Colomba, Ltn. Marcial Ortiz-Garcia and the Administration of Corrections and Rehabilitation ("Defendants"). (Docket No. 19). For the reasons set forth below, the Court **GRANTS** the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2003, Jose Camacho-Ramos ("Plaintiff") was sentenced by the Puerto Rico Court of First Instance, Mayaguez Superior Court ("State Court"), on charges of kidnaping, rape, and first degree murder. He was sentenced to a term of two hundred and nine years. On August 30, 2004, Plaintiff appealed the judgement of conviction before the Court of Appeals of Puerto Rico. The appeal was dismissed for lack of jurisdiction. Shortly thereafter, Plaintiff filed a Certiorari with the Supreme Court of Puerto Rico,

Civil No. 06-1506 (JAG)                                              2

which was denied on jurisdictional grounds.

Plaintiff has filed several motions and petitions for habeas corpus before the Federal District Court for the District of Puerto Rico. On May 22, 2003, Plaintiff filed his first petition for habeas corpus in which he presented the following arguments: (1) that the warrant for his arrest was invalid because he never received notice to appear for the second preliminary hearing (as a corollary, he suggested that proof that he did receive the notice must have been fabricated), and (2) that the Governor's warrant is invalid because it does not have the requisite authentication seal. See Civil No. 03-1559 (JP). On August 26, 2004, the Honorable Jaime Pieras, District Judge, dismissed the petition because Plaintiff could not provide proof that he exhausted all available state remedies. Jose Camacho v. Commonwealth of Puerto Rico, 343 F.Supp.2d 63 (D.P.R. 2004).

On June 9, 2003, Plaintiff filed another petition for habeas corpus before this Court. Civil No. 03-1641 (JAG), Docket No. 2. On May 13, 2004, Plaintiff's petition was denied for failure to exhaust available state remedies. Id. Docket No. 15. Plaintiff then requested a certificate of appealability from the United States Court of Appeals for the First Circuit. On March 30, 2005, that Court denied Plaintiff's request because among other problems, the petitioner was required to exhaust his remedies before seeking federal habeas corpus relief. Id., Docket No. 25.

Civil No. 06-1506 (JAG)                                              3

On November 7, 2005, Plaintiff filed before the State Court a new petition for habeas corpus, pursuant to Art. 469 of the Puerto Rico Code of Criminal Procedure. See Civil No. 05-2246, Docket No. 7, Exhibit #1. The petition was denied on December 23, 2005. Id., Docket No. 10.

On November 30, 2005, while his habeas action was still pending in State Court, Plaintiff filed before this Court another petition for habeas relief arguing that his state conviction was obtained through an unlawful arrest and by the presentation of fabricated evidence Id., Docket No. 2. On May 11, 2006, this petition was also denied for failure to exhaust available state remedies. Id., Docket No. 13.

On May 19, 2006, Plaintiff filed the present complaint seeking monetary awards for damages under the Civil Rights Act, 42 U.S.C. § 1983 for the alleged illegal actions of Defendants.[1] In said complaint, Plaintiff seeks damages for his alleged invalid arrest, which resulted in his deprivation of liberty. Plaintiff avers that the warrant for arrest was invalid because he never received the notice to appear in the preliminary hearing before the State Court (Docket No. 2).

On October 11, 2006, Defendants filed a Motion to Dismiss alleging that Plaintiff's complaint is a petition for habeas corpus

---

[1] Plaintiff has also filed civil complaint number 06-1955 (JAG), which has been consolidated with this case.

Civil No. 06-1506 (JAG)                                                4

disguised as a section 1983 claim because Defendant rehashes the same argument he has presented in other petitions for habeas relief, namely: that his warrant for arrest was invalid because he never received the notice to appear for the second preliminary hearing. As such, Defendants contend that Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust available state remedies (Docket No. 19). On November 7, 2006, Plaintiff opposed Defendants' Motion to Dismiss alleging that his complaint is pursuant to Section 1983 and not a habeas corpus petition and that he has exhausted all available state remedies. (Docket No. 21).

Upon review of the record, this Court is not convinced by Plaintiff's contention. Since Plaintiff alleges that his warrant for arrest was invalid because he never received the notice to appear for the second preliminary hearing, the Court construes the complaint, and rules upon the same, as a petition for habeas corpus.

**STANDARD OF REVIEW**

A. <u>Motion to Dismiss Standard</u>

Defendants are requesting that the Court dismiss Plaintiff's habeas corpus petition because there is lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Court may not grant the dismissal under Rule 12(b)(1). The resolution of this petition for habeas corpus at this time hinges upon the question of whether

Civil No. 06-1192 (JAG)                                                5

Plaintiff has exhausted state remedies prior to filing the petition, and "[t]he exhaustion of state remedies in a federal habeas corpus proceeding is not jurisdictional; rather, it is a matter of federal-state comity." Choice v. Pennsylvania Bd. of Parole, 448 F. Supp. 294, 296 (D.C. Pa., 1977)(citing Preiser v. Rodriguez, 411 U.S. 475 (1973); Picard v. Connor, 404 U.S. 270, 275 (1971); Fay v. Noia, 372 U.S. 391, 419-420 (1963). However, the Court may analyze (and dismiss) the petition under Rule 12(b)(6). Camacho v. Commonwealth of P.R., 343 F. Supp. 2d 63, 64 (D.P.R. 2004).

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Brown v. Hot, Sexy, and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir. 1991). Plaintiffs are

Civil No. 06-1192 (JAG)                                                                 6

responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. Id. at 23 (citing Correa Martinez, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Goolev v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

    B. Habeas Corpus

A Federal District Court may entertain a petition for a writ of habeas corpus on behalf of a person in custody pursuant to a State Court judgment if there is a violation to his federally protected rights. 28 U.S.C. § 2254(a). Before the Court may issue the writ, it must ensure that "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257 (1986). "Under standards established by this Court, a state prisoner may initiate a federal habeas petition '[o]nly if the state courts have had the first opportunity to hear the claim sought to be vindicated....'" Id.(citing Picard v. Connor, 404 U.S. 270, 276 (1971)). Claims are exhausted when they have been presented to the highest state court available, either on direct

Civil No. 06-1506 (JAG)                                                7

appeal or through collateral attack. See Rose v. Lundy, 455 U.S. 509, 515-16 1982). "An applicant shall not be deemed to have exhausted the remedies available in the court of the State if he has the right under the law of the State to raise the question presented." 28 U.S.C. § 2254(c). Furthermore, exhaustion of state remedies supposes full exhaustion "with respect to each and every claim contained in the application." Delgado v. Martinez, 72 F.Supp. 2d 2, 4 (D.P.R. 1999)(citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).

The laws of the Commonwealth of Puerto Rico provide for post-conviction appellate relief and for habeas corpus relief. P.R. Laws Ann. 34 §§ 1741-1780. The means provided under Puerto Rico law are exhausted with the review of the petition for a writ of habeas corpus by the Supreme Court of Puerto Rico. P.R. Laws Ann. 34 § 1779 ("The judgment of the Supreme Court upon appeals in habeas corpus proceedings shall be final and conclusive and no further application in the same case can be made except in the cases especially provided for by law."). Puerto Rico law requires that a petitioner exhaust ordinary remedies available before his writ of habeas corpus, which is an extraordinary remedy, can be considered by a judge. Ortiz Serrano v. Gonzalez Alcaide, 131 D.P.R. 849, 861 (1992).

## DISCUSSION

Plaintiff avers that he exhausted all available state

Civil No. 06-1506 (JAG)                                                          8

remedies. Plaintiff states that in Civil Case 06-1955 (RLA), another habeas petition before the Honorable Raymond L. Acosta, he demonstrated that he exhausted all available state remedies. However, this allegation is unsubstantiated. A perusal of the docket of Civil Case 06-1955 (RLA) reveals no evidence to support Plaintiff's contention that he exhausted available state remedies. Plaintiff does not point to any other proof that he exhausted the available state remedies. Consequently, this Court holds that Plaintiff has not exhausted state remedies. Therefore, the Court will Dismiss Plaintiff's petition.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss (Docket No. 19). All claims brought in cases 06-1506 and 06-1955 are hereby **DISMISSED.** All pending motions are now **MOOT.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of April, 2007.

<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge